IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Jose Gonzales, | NO. C 06-04045 JW |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| UNUM Life Insurance Co. of America, | |
| Defendant. | |

On June 9, 2008, the Court conducted a Preliminary Pretrial Conference in the above entitled case as previous set by the Court's Scheduling Order. (See Docket Item No. 20.) No one appeared at the conference. On June 12, 2008, the Court issued an Order to Show Cause Re: Dismissal and set it for a hearing on June 30, 2008. (See Docket Item No. 22.) The Order also required the parties to file a certification with the Court at least ten (10) days or on June 20, 2008, prior to appearance. (Id.) To date, neither party has filed their certification.

Federal Rule of Civil Procedure 41(b) provides that a defendant may move for dismissal of an action for "failure of the plaintiff to prosecute or to comply with these rules or any order of court." However, although Rule 41(b) provides for dismissal on the motion of the defendant, the court can also dismiss an action *sua sponte*. See Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); see also Alexander v. Pacific Maritime Ass'n, 434 F.2d 281, 283-84 (9th Cir. 1970). The permissive language of Rule 41—that defendant "may" move for dismissal—does not limit the court's ability to dismiss *sua sponte* if the defendant makes no motion for dismissal. Link, 370 U.S. at 630. The court has inherent power to achieve the orderly and expeditious disposition of cases by

dismissing actions pursuant to Federal Rule of Civil Procedure 41(b) with prejudice for failure to prosecute or for failure to comply with a court order.  See Id.; see also Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish v. California Amplifier, 191 F.3d 983, 987 (9th Cir. 1999).  Furthermore, "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision [ i.e.,  Fed. R. Civ. P.  41(b)] . . . operates as an adjudication upon the merits."  Fed. R. Civ. P. 41(b).

In the Order to Show Cause, the Court explicitly stated:

(1) If the parties fail to file the certification, the hearing will be vacated automatically and the case will be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

(2) Failure to comply with any part of this Order will be deemed sufficient grounds to dismiss this action.

(Id.)  Despite the clear language of the Court's Order, the parties have failed to respond or otherwise communicate with the Court.  It appears that the parties have abandoned this litigation. Accordingly, the Court orders this action dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Clerk shall close this file.

Dated:  June 26, 2008

JAMES WARE
United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Anna M. Martin annamartin@rimacmartin.com
Robert Scott Aaron rsaaron@aaron-wilson.com
Timothy C. Wilson tcwilson@aaron-wilson.com

| | |
|---|---|
| **Dated:  June 26, 2008** | **Richard W. Wieking, Clerk** |
| | **By:      /s/ JW Chambers**<br>**Elizabeth Garcia**<br>**Courtroom Deputy** |